UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JANIE ELIZABETH MAXIESON**                                                                                         **PLAINTIFF**

**v.**                                                                                                 **CIVIL ACTION NO. 4:23-CV-P14-JHM**

**COURTNEY LOGSDON et al.**                                                                                       **DEFENDANTS**

**MEMORANDUM OPINION**

*Pro se* Plaintiff Janie Elizabeth Maxieson initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a pretrial detainee at the Grayson County Detention Center (GCDC), sues Captain Cortney Logsdon and Jailer Jason Woosley in their individual and official capacities. She alleges that on November 11, 2022, she alerted Officer Newton that she was having chest pains which radiated into her left arm. She states that she asked Officer Newton at 4:00 a.m. or 4:15 a.m. to make sure that Defendant Logsdon was informed. According to Plaintiff, Officer Newton told her that Defendant Logsdon had been alerted, but Defendant Logsdon did not check on her. She states that at the 4:30 a.m. diabetic insulin check, Plaintiff asked Defendant Logsdon why she had not checked to make sure she was not having a heart attack, to which Defendant Logsdon responded, "'I don't know what you want me to do,'" then walked away refusing to give Plaintiff her insulin.

Plaintiff next alleges that when the first shift came on she asked and was told by Nurse Melissa that the proper protocol when told a patient is having chest pains is to do a blood pressure check. Plaintiff then told Nurse Melissa that her chest was still hurting, and Nurse Melissa

informed her that she would be right back to take her blood pressure. However, Officer Sandy came, checked Plaintiff's blood pressure twice, then gave her a pill to lower her blood pressure, and then rechecked her blood pressure. Plaintiff states that on November 26, she was put on blood pressure medicine with a standing order for her blood pressure to be checked twice a day, but the next day her blood pressure was not checked. Plaintiff states that she suffered a heart attack in 2009.

As relief, Plaintiff requests compensatory and punitive damages, to be removed from GCDC, and to have her "heart checked."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Official-capacity claims

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claims are actually against Grayson County, Defendants' employer.

A municipality such as Grayson County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Id*. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to herself, and she does not allege that any constitutional violation occurred pursuant to a policy or custom of Grayson County. Accordingly, Plaintiff's official-capacity claims must be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claims**

*1. Defendant Logsdon*

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) she "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner v. Scott Cnty.*, 14 F. 4th 585, 596 (6th Cir. 2021) (internal quotation marks omitted). Further, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff alleges that although Defendant Logsdon was told that Plaintiff was having chest pains, Defendant Logsdon had not checked on Plaintiff after, at most, 30 minutes elapsed and that when Plaintiff asked Defendant Logsdon why she had not checked on her, Defendant Logsdon replied that she did not know what Plaintiff wanted her to do. According to the complaint, Defendant Logsdon should have taken her blood pressure when told Plaintiff was having chest pains. However, another staff member checked Plaintiff's blood pressure twice, then administered

medicine to lower her blood pressure, and then rechecked her blood pressure. Shortly thereafter, Plaintiff was prescribed blood-pressure medicine with twice-daily blood pressure monitoring.

While Defendant Logsdon's response to Plaintiff was not ideal, essentially Plaintiff's allegations show that her blood pressure was checked after reporting chest pain. "[A] short delay by itself in administering medical treatment—even an unexplained delay—is not enough to demonstrate deliberate indifference to a defendant's medical needs, but instead evinces negligence." *Barner v. Mackie*, No. 17-1608, 2017 WL 5633399, at *3 (6th Cir. 2017) (citing *Santiago v. Ringle*, 734 F.3d 585, 592-93 (6th Cir. 2013)). Further, according to the complaint, Plaintiff had suffered a heart attack in 2009, but Plaintiff does not allege that Defendant Logsdon knew this information. Plaintiff fails to allege that Defendant Logsdon "acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known" related to having her blood pressure checked after reporting chest pain.

Plaintiff also fails to allege a deliberate-indifference claim against Defendant Logsdon for refusing to give her insulin on one occasion. This one-time denial of insulin does not rise to the level of a constitutional violation. *See Askew v. Davidson Cnty. Sheriff's Off.*, No. 3:19-CV-00302, 2019 WL 2127310, at *2 (M.D. Tenn. May 15, 2019) ("[A]llegation that missing one dose of insulin and one meal 'about gave' him a heart attack . . . without any other alleged repercussions, does not indicate a level of seriousness sufficient to support a constitutional violation."); *compare Smith v. Lavender*, No. 2:22-CV-1875, 2022 WL 4121929, at *2 (S.D. Ohio Sept. 9, 2022) (allowing to continue pretrial detainee's claim that he was refused insulin and diabetic diet at jail after which he was admitted to the hospital "for 12 days, losing function of [his] kidneys for life

and had to be placed on Kidney Dialysis for the rest of [his] life."), *report and recommendation adopted*, No. 2:22-CV-1875, 2022 WL 16772190 (S.D. Ohio Nov. 8, 2022).

### 2. Defendant Woosley

The complaint makes no allegations against Defendant Woosley. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant).

To the extent that Plaintiff seeks to hold Defendant Woosley, as the GCDC Jailer, liable in his individual capacity for deliberate indifference to a serious medical need, the Court will dismiss such because Plaintiff has not alleged that Defendant Woosley directly participated in the events related to her claims. In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888,

6

903 (6th Cir.2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Consequently, the Court will dismiss Plaintiff's individual-capacity claims against Defendant Woosley.

The Court notes that Plaintiff states that on November 26, she was put on blood pressure monitoring twice a day but that the next day her blood pressure was not checked. Plaintiff does not attribute this failure to a named Defendant. The Court finds that there is no need to allow Plaintiff an opportunity to amend her complaint to identify the person responsible for this oversight. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile."). Plaintiff's allegation of an isolated occurrence of failing to check her blood pressure does not rise to the level of a constitutional violation. *Norris v. William*, No. 16-2545, 2017 WL 5186371, at *3 (6th Cir. Oct. 23, 2017) ("[A] negligence or medical malpractice claim . . . is not cognizable under 42 U.S.C. § 1983."); *see also Taylor v. Wellpath Med.*, No. 3:22-CV-00705, 2023 WL 309396, at *4 (M.D. Tenn. Jan. 18, 2023).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: June 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

7